## JOHN ALSOP

### *v.*

### DUNCAN McARTHUR, Exr., *et al.*

TRUST — *note taken payable to wife.* Where the husband, his wife having separate property, sold his land, the wife claiming no dower or homestead, and the wife refused to execute the deed unless one of the

notes of $1000, given for the purchase money, was made payable to her, which was done, under an agreement that she was to have the interest on the same during her life for support, and the principal sum to remain the property of the husband, and on payment of the note, the wife loaned the same, taking the note and security, of the borrower in her name, and afterwards, by will, bequeathed this last note to her daughter by a former husband, it was *held*, on bill by the husband, filed, after his wife's death, against the executor and legatee, for the surrender of the note to him, that he was entitled to the relief sought, and that the loaning of the money by the wife, and taking the note in her name, did not change or affect his right to the same.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

This was a bill in chancery, by John Alsop against Duncan McArthur, executor of the last will of Hannah Alsop, deceased, George Armstrong, Eliza Armstrong, Robert H. Cox, and Mary L. Cox, his wife. The object of the bill and facts of the case are fully stated in the opinion of the court.

Messrs. DONAHUE & KELLY, for the appellant.

Messrs. MOORE & WARNER, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the circuit court of DeWitt county, in which John Alsop, the complainant, prayed that a certain note and mortgage executed by one Robert H. Cox and wife to Hannah Alsop, for one thousand dollars, be decreed to be the property of complainant, and that the same be delivered to him by the executor of Mrs. Alsop, Duncan McArthur, or by her legatee, Eliza Armstrong, to whom, by her last will and testament, Mrs. Alsop had bequeathed the same.

The executor of the will, Mrs. Armstrong and her husband, and Robert H. Cox and wife, were made defendants. The principal allegations in the bill are, the marriage of complainant to Hannah Wilkinson, then a widow having two children,

the defendant Mrs. Eliza Armstrong, and Martha A., inter-married with one Honville; that complainant was, at the time of this marriage, a widower with one child, a son, Levi Alsop; that at this time Mrs. Wilkinson had separate prop-erty, real and personal, of the value of three to five hundred dollars; that complainant had real estate, a part of which was a ninety-eight (98) acre tract; that the several parties managed their own separate property without interference of each other; that complainant sold this 98 acre tract to one Garret Stoutenborough, for four thousand nine hundred dollars, on the 18th of July, 1870; that to this sale his wife assented until the deeds were prepared by the notary for sig-nature, when she refused to sign and acknowledge the deed, assigning as a reason that she was apprehensive complainant would abandon her without means of support. She refused to sign the deed unless complainant would agree to give her one thousand dollars. Complainant refused to do this. That it was finally agreed, if Mrs. Alsop would execute the deed, she should have the interest on one thousand dollars during her life, and to support and maintain her in case complainant should abandon her; and to secure her in this, one of the Stoutenborough notes for one thousand dollars should be made payable to her; that it was the intention to give her the interest merely, the note remaining the property of com-plainant. This note was paid, before due, to Hannah Alsop, the same having been put in her possession by complainant, he having great confidence in her, and for the only purpose of securing to her the interest on said sum during her life; that on November 16, 1871, Mrs. Alsop loaned this money without the consent or knowledge of complainant, taking note and mortgage in her own name; that becoming sick thereafter, she made her will, by which she bequeathed this note and mortgage to her daughter, Eliza Armstrong, whose insolvency is alleged. The bill of complaint was sworn to and an injunction prayed.

The answer of Eliza Armstrong denies the principal allegations of the bill, insisting that the note was given to Mrs. Alsop as her sole and separate property forever, and that she had a right to bequeath it in the manner she did, by her last will and testament.

The answer of the executor, McArthur, is mainly to the same purport.

The cause was set for hearing on the bill, answers and exhibits, and oral testimony, and a decree passed dismissing the bill. To reverse this decree the complainant appeals.

The case turns upon the single point, on what terms Mrs. Alsop received the Stoutenborough note. If the absolute property in this note was in her, she had an undoubted right to collect the money due by it, and loan the same to Cox or any one else, and the securities thus obtained would be her property.

This fact is to be determined by the testimony.

The principal witness, capable of explaining the whole transaction, was Mr. Kelly, the notary, who gives a clear, consistent and reasonable statement, by which it would appear that the design of complainant and his wife, Mrs. Alsop, was, and it appears to have been the sole design, that Mrs. Alsop should enjoy the annual interest of the note, the note itself being the property of complainant. It would appear from this testimony, and from all the testimony, that Mrs. Alsop did not claim any right of dower or homestead in this land; she expressed her apprehensions, as it was the only real estate complainant had, if the notes were executed to him he might transfer them to his son Levi, who lived in a distant State, and then she would be left without support. After much altercation, several plans having been suggested by which the interest could be secured to her, none of which met Mrs. Alsop's concurrence, it was finally agreed Stoutenborough should execute one of the notes for a thousand dollars to her, bearing an annual interest of ten per cent, she to enjoy the interest, it being then distinctly understood and agreed that

the principal sum was to be the property of complainant. She insisted she should have the interest, and that was the extent of her claim, the principal to go to complainant at her death, by will, or in some other way.

We think it is clearly proved that Mrs. Alsop was to enjoy the interest on this note during her life, and no longer, the reversion belonging to the complainant. We can come to no other conclusion. Mrs. Alsop, when the controversy was going on, insisting that one of the notes should be made payable to her, that she might enjoy the interest, and at her death, the principal should go to complainant, appealed to him by saying, "You ought to trust me; I have lived with you so long, and never deceived you."

It was under this confidence and trust Mrs. Alsop obtained the note which was the foundation of the note and mortgage of Cox and wife, bequeathed to Mrs. Armstrong. The land sold was the property of complainant, and he was entitled to the proceeds of the sale. But it is said Mrs. Alsop had a dower interest in the land, and her conveyance of that was a sufficient consideration flowing from her to support the note.

But at the time of the transaction and sale, and execution of the deed, nothing was claimed on this score by Mrs. Alsop. She asserted no claim to dower, but with the persistence of her sex when in possession of an idea which, being carried out, will benefit her, she insisted upon the note being made payable to her, that she might control and enjoy the interest, making no claim whatever to the principal sum, which she constantly affirmed was, and should remain, the property of complainant.

A circumstance may be adverted to as showing the good faith exercised by complainant in abiding by the agreement made with his wife—it is this: When Stoutenborough paid the note, it was in the presence of complainant, and he permitted her to receive it that she might control the fund which should produce interest. This money was loaned by Mrs. Alsop to

R. H. Cox on note and mortgage, and whether made with or without complainant's consent, they follow the condition of the original fund, and became, on the death of Mrs. Alsop, the property of complainant.

The bequest, therefore, of this property to Mrs. Armstrong was void and of no effect.

There was no special merit in the services rendered by her to her mother, nor was there any necessity of seeking shelter under her daughter's roof, as the proof is conclusive complainant provided for all the reasonable wants of his wife and for many that were fanciful merely.

We see no merit in the defense set up. The decree must be reversed, and the cause remanded, with directions to the circuit court to enter a decree vesting in complainant the title to the Cox note and mortgage.

*Decree reversed.*